UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT HALE,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>ANNE E. VILLALPANDO,<br><br>　　　　　　　　　　　Respondent. | Case No.: 21cv1884-LL-JLB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 15]** |

Petitioner, an inmate whose Petition for Writ of Habeas Corpus is currently pending, moves for a preliminary injunction ("PI") and temporary restraining order ("TRO") to "enjoin the Defendants . . . . from enforcing or causing to be enforced the provisions of the Rules & Regulations of the Naval Consolidated Brig Miramar ("NCBM")." ECF No. 15. On March 30, 2022, Respondent filed an opposition. ECF No. 18. The motion is suitable for submission without oral argument. For the below reasons, the motion is **DENIED**.

I.　　BACKGROUND

Petitioner asks the Court to enjoin the Respondent, the Commanding Officer ("CO") of NCBM, from "issuing disciplinary sanctions for all matters relating to his active court cases, to include this current lawsuit, and cease the impediment of his access to the Court." ECF No. 15 at 2. Petitioner explains that he was assaulted by another inmate, sought to file

a civil complaint against him, and after receiving the complaint, the other inmate notified the CO. *Id*. at 6. Petitioner further explains that he previously attempted to hire a registered process server, but was unsuccessful "due to the defendant's refusal to cooperate." *Id.* at 7. As a result of his actions, Petitioner states he was "barred from utilizing alternative means of serving process upon the defendant." *Id*. Petitioner further alleges he was issued a "disciplinary report" for "improper use of the mail" after sending the other inmate a "pre-litigation settlement request." *Id*. at 3.

## II. LEGAL STANDARDS

The standard for obtaining a TRO and a PI is "substantially identical." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). These are "extraordinary" remedies that are "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief is only available to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). *See also Assoc. Gen. Contractors of Cal. v. Coalition of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991). Additionally, where a temporary restraining order is sought against actions by the government, then the movant must establish that the threat of injury is both "real and immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Injunctive relief should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' [the court] need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (citation omitted). "In circumstances where the moving party is incarcerated, the well-established standard for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA")." *Stevenson*

*v. Beard*, No.: 16-cv-03079-TWR-RBM, 2021 WL 1193786, at *3 (S.D. Cal. Mar. 29, 2021). "Before granting any prospective relief under the PLRA, the Court must find that the prospective relief is 'narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'" *Id*. (citing 18 U.S.C. § 3626(a)(1)). In doing so, the court must also give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief. *Id*. (citing *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998) and 18 U.S.C. § 3626(a)(1)).

### III. DISCUSSION

For several reasons, Petitioner has not shown he is entitled to the PI and TRO he requests. First, there is no relationship between the injury claimed in Petitioner's motion and his underlying Habeas Petition. Petitioner initiated this action by filing a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("Absent that relationship or nexus, the district court lacks authority to grant the relief requested."). Here, the underlying Petition relates to due process in disciplinary hearings and unsanitary housing conditions. The instant motion relates to Petitioner's attempts to serve process on another inmate, apparently as the result of an assault. Accordingly, there is an insufficient nexus, or no nexus, between the underlying Petition and the instant motion for a PI and TRO.

Second, the relief Petitioner seeks is not narrowly drawn. Under 18 U.S.C. § 3626(a)(1), courts must ensure that any injunctive relief relating to prison conditions is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Here, Petitioner requests an order enjoining the CO from issuing disciplinary

sanctions for "all matters relating to his active court cases, to include this current lawsuit, and cease the impediment of his access to the Court." ECF No. 15 at 1. Besides his putative claim for assault against another inmate, Petitioner does not identify any other claims he allegedly cannot prosecute (or any other putative defendant he cannot serve). Moreover, the implication that Petitioner has been impeded from accessing this Court, or any other court, is belied by the fact that Petitioner was able to file the instant motion, as well as multiple other motions. Petitioner's only specific grievance, it appears, is that he was disciplined for attempting to serve another inmate and/or he is not receiving assistance in doing so. If Petitioner was entitled to some kind of resulting protection, that protection would not be to enjoin the CO from disciplining him for anything that might "relate" to any of his attempts to access any court.

Third, Petitioner has not exhausted his administrative remedies. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Here, Petitioner has not attempted to show either the unavailability of administrative remedies or that he exhausted available remedies prior to filing the instant motion.[1]

Finally, even if Petitioner could satisfy these threshold requirements, Petitioner has not shown he is likely to succeed on the merits of his underlying Habeas Petition. In the instant motion, Petitioner does not address the merits of the underlying Petition. Rather, Petitioner merely claims the restrictions related to his attempt to serve the other inmate are "arbitrary." ECF No. 15 at 3. Even if this issue was related to the merits of his underlying

---

[1] Respondent also points out that Petitioner cannot meet his burden of proof with an unverified complaint. *See Surrell v. CDCR Sec'y of Ops.*, No. 2:20-cv-00368-TLN-CKD P, 2021 WL 288273, at *2 (E.D. Cal. Jan. 28, 2021), *report and recommendation adopted sub nom. Surrell v. Burton*, No. 2:20-cv-00368-TLN-CKD, 2021 WL 1985022 (E.D. Cal. May 18, 2021).

Petition, success on that issue seems unlikely. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (holding that impairments of "litigating capacity" beyond attacking sentences or prison conditions "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration").

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for a PI and TRO [ECF No. 15] is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 4, 2022

Honorable Linda Lopez
United States District Judge